, IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JERRY S.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-CV-00038-BU |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jerry S. seeks judicial review of a final adverse decision of the

Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g).

Dkt. No. 1. Under Special Order No. 3-251 of this Court, this case was automatically

referred for the determination of non-dispositive motions and the issuance of findings,

conclusions, and recommendation of dispositive matters. See Dkt. No. 4. The parties have

not consented to proceed before a magistrate judge.

For the reasons explained below, the undersigned recommends that the Court

reverse and remand the case to the Commissioner of Social Security's decision for further

administrative proceedings.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in
Social Security cases, Plaintiff is identified only by first name and last initial.

## I.    BACKGROUND

Plaintiff alleges that his disability began October 15, 2016. *See* Administrative

Record, Dkt. No. 22-1 ("Tr.") at 2582, 2589. Plaintiff applied for Title XVI Supplemental

Security Income and for Disability Insurance benefits on January 10, 2017. Tr. 2582, 2589.

Initially, an Administrative Law Judge ("ALJ") found Plaintiff to be fully disabled after a

hearing and awarded him benefits on December 27, 2018. Tr. 2431. The Appeals Council

reviewed the decision and found it was not supported by substantial evidence. Tr. 2523-

2527. Plaintiff then had a second hearing before a second ALJ on December 10, 2019. Tr.

2351. That hearing was held telephonically with the ALJ sitting remotely in Fort Worth,

Texas. Tr. 2352-2384.

At the time of the second hearing, Plaintiff was 41 years old. Tr. 2357. He graduated

from high school. Tr. 2321. He had past work experience as a bone cooking operator.

Tr. 2380.

The ALJ found that Plaintiff was not disabled and was not entitled to disability

benefits. *See* Tr. 2311-2328 ("ALJ Decision"). At step one of the analysis, the ALJ found

Plaintiff had not engaged in substantial gainful activity since October 15, 2016, the alleged

disability onset date.[2] Tr. 2317. At step two, the ALJ found the Plaintiff had several severe

impairments including osteomyelitis, peripheral vascular disease, diabetic neuropathy,

type II diabetes mellitus, anemia, status-post left great toe amputations; ankle equinus

deformity, obesity, lumbar degenerative disc disease with spondylosis and facet arthrosis,

---

[2] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

status-post transmetatarsal amputation on right foot; and proliferative diabetic retinopathy.

*Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met the severity required in the Social Security Regulations. Tr 2317-18. The ALJ also determined the Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following explanation:

> He is able to lift and carry 10 pounds occasionally and less than 10 pounds frequently. He is able to stand and walk for 2 hours in an 8-hour day and sit for 8 hours in an 8-hour workday. He uses a cane to ambulate. He can never use near acuity or far acuity in the right eye, but he could avoid workplace hazards. He should never climb ladders or scaffolds and can occasionally climb stairs and ramps, and he can occasionally balance, stoop, kneel, crouch, or crawl.

Tr. 2318.

The ALJ based his opinion on extensive medical records, the Social Security Administration's ("SSA") non-examining consultants, and the Plaintiff's testimony. Tr. 2319-21. At step four, the ALJ found the Plaintiff could not return to his past relevant work as a bone cooking operator with meat processing laborer due to the job's heavy exertion levels. Tr. 2321. The ALJ considered the Plaintiff's work experience, age, education, RFC, and the testimony of the vocational expert ("VE") to determine jobs exist in significant numbers in the national economy Plaintiff can perform. Tr. 2321-23. Accordingly, the ALJ determined that Plaintiff had not been under disability, as defined by the Social Security Act, for the period in question. Tr. 2323.

Plaintiff appealed the ALJ's decision to the Appeals Council, the Council affirmed, and Plaintiff timely filed this action in federal district court.

## II.    LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that he is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant can perform. *Greenspan,* 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam); *see also Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially

justified. *See id*. However, the Court does not hold the ALJ to procedural perfection. *See*

*Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) Instead, a court will only reverse the

ALJ's decision as not supported by substantial evidence where the claimant shows that the

ALJ failed to fulfill the duty to adequately develop the record and only if that failure

prejudiced Plaintiff. *Id*. That is, only if Plaintiff's substantial rights have been affected. *See*

*Audler*, 501 F.3d at 448. Put another way, Plaintiff "must show that he could and would

have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726,

728–29 (5th Cir. 1996).

## III.    ANALYSIS

Plaintiff challenged the ALJ's decision on four grounds. Dkt. No. 18. First, Plaintiff

asserts the ALJ did not properly consider all the effects of Plaintiff's severe impairments

and their treatment in determining Plaintiff's RFC. *Id.* at 2, 5-9. Second, Plaintiff claims

the ALJ should have determined that Plaintiff met the listing for musculoskeletal system

disorders. Plaintiff claims that the ALJ misapplied the definition of "to ambulate

effectively" under the listings and that a proper application of that definition to Plaintiff's

evidence would have resulted in Plaintiff meeting the requirements of that listing. *Id.* at 3,

9-10. Third, Plaintiff claims the ALJ improperly substituted his own medical opinion for

those of the State Agency medical consultants ("SAMCs") in determining the effect of

Plaintiff's limitations on his ability to work. *Id.* Finally, Plaintiff asserts the Appeals

Counsel acted improperly by refusing to consider exhibits and records submitted during

the review of the ALJ's second opinion. *Id.* Because the third issue raised by Plaintiff

compels remand, the undersigned need not address the remaining three issues.

Plaintiff argues the ALJ dismissed the opinions of the SAMCs and substituted his own medical judgment. Dkt. No. 18 at 11. Plaintiff claims the ALJ used additional evidence the SAMCs did not have to determine Plaintiff was more limited. *Id.* Specifically, the Plaintiff claims after rejecting the opinions of the SAMCs he did not obtain evidence of what effect Plaintiff's additional limitations would have on his ability to work. *Id.* at 12. Plaintiff calls this error because the ALJ may not substitute his own medical judgment for those of the SAMCs or other medical professionals regarding the effect of Plaintiff's limitations on work-related activities. *Id.* at 12.

The Commissioner argues the ALJ properly considered the SAMCs' reports but then based the RFC on the more recent medical evidence and Plaintiff's hearing testimony. Dkt. No. 21 at 14. The Commissioner explains the ALJ examined both the medical records and Plaintiff's testimony to determine he was more limited than the SAMCs suggested. *Id.* at 15-16. The Commissioner claims that the ALJ rejected the SAMCs for "various valid reasons" and that rarely an RFC will be perfectly formulated by any source. *Id.* at 16. Instead, the Commissioner argues the ALJ's RFC is based on substantial evidence and did not need a medical opinion. *Id.* at 17.

Plaintiff replies by arguing that, at the time of the SAMC evaluations, Plaintiff had not yet had all his toes amputated. Dkt. No. 22 at 6. Therefore, Plaintiff would be more limited than the SAMCs understood, plaintiff argues. *Id.* Plaintiff explains that "the ALJ is not a doctor, and is not a physical medicine and rehabilitation specialist." *Id.* Therefore, Plaintiff argues the ALJ should have obtained a medical opinion regarding how his bilateral foot amputations affected his ability to engage in work-related activities. *Id.* For example,

the RFC contains a limitation for Plaintiff to be able to walk 2 hours in an 8-hour workday. *Id.* But, Plaintiff argues, the ALJ did not explain how he arrived at that limitation and no medical opinion reflects that conclusion, directly or indirectly. *Id.* Since the ALJ did not obtain an additional opinion, he created a conflict by not accepting the opinion evidence and then creating limitations without an explanation of how he arrived at those limitations. *Id.*

An ALJ is under a duty to "develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley*, 67 F.3d at 557. It is impermissible for an ALJ to rely on their own medical opinions to develop factual findings. *Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. 2009). The ALJ needs to both understand what condition or conditions Plaintiff suffers from and how those conditions limit Plaintiff's ability to work. *See Ripley*, 67 F.3d at 557-58. The ALJ also can draw reasonable inferences from the evidence, but must also remember "presumptions, speculation, and supposition do not constitute evidence." *Ceman v. Colvin,* 4:15-CV-543-A, 2016 WL 1567489, at *3 (N.D. Tex. Apr. 1, 2016).

The ALJ attempts to explain his reasoning for the RFC by walking through the medical records, Plaintiff's testimony, and the SAMC opinions. Tr. 2318-21. The ALJ compared Plaintiff's testimony with his medical documentation to find that, while Plaintiff had the symptoms alleged, they would not be disabling. Tr. 2318-19. The ALJ also walked through Plaintiff's extensive medical history to describe his inconsistencies in reported symptoms and the medical evidence, but did not then seek an opinion on how Plaintiff's impairments, which indisputably worsened since the SAMCs' opinions, would affect his

8

ability to perform work-related activities. Tr. 2319-20. In response and despite the SAMC

opinions, the ALJ also included non-exertional limitations that he claims considered

Plaintiff's decreased mobility and vision problems. Tr. 2321.

   This Court is to not reweigh the evidence or consider the issues anew. *Brown v.*

*Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Instead, the Court gives deference to the ALJ as

it is the Social Security Administration's job to resolve conflicts in the evidence. *Id.*

However, the ALJ cites to no evidence that establishes that Plaintiff can stand or walk for

2 hours in an 8-hour workday. Tr. 2318-21. He also provides no medical opinion on how

he derived that limitation. *Id.* Plaintiff's abilities were examined by the SAMCs in March

and June of 2017. Tr. 2395, 2404, 2418, 2428. But, Plaintiff had multiple toe amputation

surgeries starting in 2013 that ended with all of his toes amputated in 2018. Tr. 2283. This

means the SAMCs did not know of Plaintiff's bilateral foot amputations when they

prepared their opinions because they had not yet been fully developed by the time of their

examinations of Plaintiff. The ALJ cites to no evidence, and none is in the record, to

determine how this would affect Plaintiff's ability to walk. Instead, Plaintiff testified he

could not stand or walk more than 10 minutes at a time. Tr. 2318-19. The undersigned finds

this is error.

   While the Commissioner argues the RFC is based on substantial evidence, the Court

is unable to agree without an explanation of how these impairments affect Plaintiff's ability

to perform work-related functions. And "[w]hile the ALJ may choose to reject medical

sources' opinions, he cannot then independently decide the effects of Plaintiff's . . .

impairments on her ability to perform work-related activities, as that is prohibited by

*Ripley*. . . . [r]ather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments." *Thornhill v. Colvin*, 3:14-CV-335-BN, 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (*citing Ripley*, 67 F.3d at 557-58; *Williams*, 355 F. App'x at 831-32).

Without an explanation as to how the ALJ arrived at Plaintiff's standing and walking abilities, this Court cannot find the RFC was based on substantial evidence. The Plaintiff is correct that the record contains "thousands of pages of medical records" which were after the SAMC opinions. Dkt. No. 22 at 6. But, there is no medical opinion on how these conditions affect "Plaintiff's ability to engage in work-related activities."

Where, as here, an ALJ commits a *Ripley* error, remand "is appropriate only if [plaintiff] shows that [she] was prejudiced." *Ripley,* 67 F.3d at 557. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Id.* at 558 n.22. Here, this standard is met where the evidence before the ALJ demonstrates that Plaintiff suffered additional physical impairments but did not obtain a medical opinion regarding those effects. *See Johns v. Colvin*, 3:13-CV-4420-N-BH, 2015 WL 1428535, at *20 (N.D. Tex. Mar. 30, 2015) (finding that the ALJ could have reached a different disability determination had she fully developed the record and obtained an expert medical opinion regarding the effects of the plaintiff's mental condition on his ability to work).

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision be REVERSED, and this case REMANDED to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions as to the issue of Plaintiff's ability to stand and walk due to his amputations on both feet. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to United States District Judge James Wesley Hendrix in accordance with normal procedures.

## V.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 1st day of August, 2022.

        _____

        JOHN R. PARKER
        UNITED STATES MAGISTRATE JUDGE